UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE LOWINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:22–cv–00963 KJM CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel and in forma pauperis, has requested review of a Social Security or Supplemental Social Security Income ("SSI") decision. (ECF Nos. 1 & 5.) Plaintiff's complaint does not specify the nature of his claim but seeks "relief as may be just and proper under the circumstances of this case." (ECF No. 1 at 4.)

I.    <u>Background</u>

According to Social Security Administration ("SSA") records subject to judicial notice, plaintiff filed for SSI on June 11, 2020 and was approved for SSI on July 30, 2020. (ECF No. 12-1 at 9, 42.[1]) On October 20, 2020, plaintiff filed a request for reconsideration, stating: "I am appealing the amount of my SSI back pay. I should be receiving benefits from a long time ago." (ECF No. 12-1 at 39.) On March 14, 2021, plaintiff filed a request for hearing by an ALJ, stating:

---

[1] Record citations refer to page numbers assigned by the court's CM/ECF system.

1

"The [amount] is not right." (ECF No. 12-1 at 41.) On April 30, 2021, the SSA notified plaintiff that his appeal "was not filed within the appeal time frame of 65 days" and advised him to file a form showing good cause for late filing. (ECF No. 12-1 at 42, 44-45.)

On August 3, 2021, an Administrative Law Judge ("ALJ") dismissed plaintiff's request for hearing. (ECF No. 12-1 at 8.) On October 5, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision, stating:

> The [ALJ] has dismissed your request for hearing because there was no reconsideration determination on your claim, which is the next level of appeals following the Notice of Award dated September 16, 2020.
>
> The Appeals Council is referring your case back to your local servicing field office to process your request for reconsideration. If you disagree with the reconsidered determination, you can then file a request for hearing.

(ECF No. 12-1 at 3.)

On June 3, 2022, plaintiff filed the complaint in the instant action. (ECF No. 1.)

II.   Motion for Remand

In response to the complaint, defendant has filed a motion to remand pursuant to 42 U.S.C. section 405(g), sentence four.[2] (ECF No. 13.) Defendant proposes as follows:

> On remand, the Appeals Council will direct the [ALJ] to reevaluate the denial of Plaintiff's request for reconsideration and whether Plaintiff had good cause for late filing, in accordance with 20 C.F.R. §§ 404.909(b)[3] and 404.911[4]. If good cause is found, the ALJ will consider whether the determination of Plaintiff's January 10, 2019 application became administratively final and whether reopening is warranted. As appropriate, the ALJ will conduct further administrative proceedings and will address the substance of Plaintiff's appeals.

---

[2] Defendant notes that "[c]ounsel for Defendant conferred with Plaintiff on September 26, 2022. The parties were unable to stipulate." (ECF No. 13 at 2.)

[3] Section 404.909(b) provides in part: "If you want a reconsideration of the initial determination but do not request one in time, you may ask us for more time to request a reconsideration. . . . If you show us that you had good cause for missing the deadline, we will extend the time period. To determine whether good cause exists, we use the standards explained in § 404.911."

[4] Section 404.911 sets forth several examples of "circumstances where good cause may exist" for missing the deadline to request review of an agency decision.

(ECF No. 13 at 1-2.)

Plaintiff has filed a one-page document styled as an "Opposition to Motion to [Remand]," but it does not include any additional text or argument. (ECF No. 14.)

Good cause appearing, the undersigned will recommend that defendant's motion be granted and this case remanded for further administrative proceedings.

### III.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for remand (ECF No. 13) be granted;
2. The Clerk of Court be directed to enter a final judgment in favor of plaintiff, and against defendant, reversing the final decision of the Commissioner and remanding for further proceedings as set forth above; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/lowinger993.ss.f&rs.remand